DeARCY HALL, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------x

# KEITH BERNARD CORMIER

Plaintiff

-against-

## UNITED STATES ATTORNEYS OFFICE
## AKA USA    Defendant(s)

-------------------------------------x

NOTICE OF MOTION

MISC 19 - 0012

1:87 -CR-00628-DGT
1:87 -MJ-00927-UAD

PLEASE TAKE NOTICE that upon the annexed affidavit or

affirmation of ___KEITH BERNARD CORMIER_____, sworn to or affirmed

___DECEMBER  27TH_____, 20_20__ and upon the complaint herein,

plaintiff will move this court, ___JUDGE DAVID G TRAGER_____, U.S.D.J.,

in room _118 S_, United States Courthouse, Brooklyn, New York 11201,

on the _16TH_ day of ___JANUARY____, 20 _20_, at _____ or as soon

thereafter as counsel can be heard, for an order pursuant to

Rule __48____ of the Federal Rules of Civil Procedure granting

___ MOTION TO DISMISS WITH PREJUDICE.  MOTION TO EXPUNGE.

 MOTION TO SEAL.    CR-87-00628 AND MJ-87-00927
------------------------------------------------------------

------------------------------------------------------------

Dated: _/2-27-2617_

_____

Plaintiff  Pro  Se

Signature
KEITH BERNARD CORMIER
Print Name
400 TATUM TERRACE BOX 2A
Address
STOCKBRIDGE , GA 30281

Phone # 404-731-3411



27 DEC 18

JOHN FRANCIS SOKOL
Notary Public - State of Georgia
Rockdale County
My Commission Expires Dec 2. 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————X

**KEITH BERNARD CORMIER**

Plaintiff

-against-

UNITED STATES ATTORNEYS OFFICE
AKA USA

Defendant(s)

————————————————————————X

AFFIDAVIT/AFFIRMATION

_____CV_____( )

**CR-87-00628 DGT-1**
**MJ-87-00927** UAD

STATE OF NEW YORK )
COUNTY OF **KINGS** ) ss.: **-0897**

I, KEITH BERNARD CORMIER , [being duly sworn] deposes and says

[or: make the following affirmation under the penalties of perjury]:

I, KEITH BERNARD CORMIER , am the plaintiff in the above entitled

action, and respectfully move this court to issue an order

MOTION TO DISMISS WITH PREJUDICE , MOTION TO EXPUNGE.   MOTION TO SEAL.

The reason why I am entitled to the relief I seek is the following

I WAS INDICTED IN 1987 FOR BANK FRAUD, THEN PLEADED NOT GUILTY. MY CASE HAS BEEN OPEN

WITH NO TRIAL OR DISPOSITION FOR (31 YEARS.) UNDER THE SPEEDY TRIAL ACT OF 1974, IT MANDATES THAT

THE PERIOD OF DELAY IN ALL FEDERAL AND DISTRICT COURTS SHALL NOT EXCEED 100 DAYS.

WHEREFOR, I respectfully request that the court grant the within

motion, as well as such other and further relief that may be just and

proper.

Sworn to before me this
day of 27 DEC , 20 18

_____
Notary Public

JOHN FRANCIS SOKOL
Notary Public - State of Georgia
Rockdale County
My Commission Expires Dec 2, 2020

_____
Signature

KEITH BERNARD CORMIER
Print t Your Name
Plaintiff Pro Se

---

OR:   I declare under penalty of perjury that the foregoing is true and
      correct.

Executed on _12-27-6)8_                              _____
                                                    Signature
                                                    Plaintiff Pro Se

27 DEC 18

JOHN FRANCIS SOKOL
Notary Public - State of Georgia
Rockdale County
My Commission Expires Dec 2, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————— X

## KEITH BERNARD CORMIER

Plaintiff,

-against-

UNITED STATES ATTORNEYS OFFICE
AKA USA            Defendant(s)

———————————————————— X

Affirmation of Services

_____CV_____(   )

CR-87-00628 DGT-1
MJ-87-00928  UAD

I, **KEITH BERNARD CORMIER** _____, declare under penalty of

perjury that I have served a copy of the attached Notice of Motion and

Affirmation/Affidavit in support upon ___ **UNITED STATES DISTRICT**

**COURT-EDNY** _____

whose address is: __ 225 CADMAN PLAZA EAST ROOM 118 SOUTH

BROOKLYN, NEW YORK, 11201 ATT:PRO -SE OFFICE ____.

Dated: _12-27-2018_
_____, New York

_____
Signature

400 TATUM TERRACE BOX 2A
Address

STOCKBRIDGE , GA 30281
City, State & Zip Code

404-731-3411
Telephone

27 DEC 18

JOHN FRANCIS SOKOL
Notary Public - State of Georgia
Rockdale County
My Commission Expires Dec 2, 2020




# PUBLICATIONS

**Stay Informed**
Register with NCJRS to receive NCJRS's biweekly e-newsletter JUSTINFO and additional periodic emails from NCJRS and the NCJRS federal sponsors that highlight the latest research published or sponsored by the Office of Justice Programs.



## NCJRS Abstract

The document referenced below is part of the NCJRS Virtual Library collection. To conduct further searches of the collection, visit the Virtual Library . See the Obtain Documents page for direction on how to access resources online, via mail, through interlibrary loans, or in a local library.

| | |
|---|---|
| NCJ Number: | 49334  🔍 FIND IN A LIBRARY |
| Title: | SPEEDY TRIAL ACT OF 1974 - DEFINING THE SIXTH AMENDMENT RIGHT |
| Journal: | *CATHOLIC UNIVERSITY LAW REVIEW* Volume:25 Dated:(FALL 1975) Pages:130-147 |
| Author(s): | S R LOHMAN |
| Corporate Author: | Catholic University of America<br>School of Law<br>United States of America |
| Date Published: | 1975 |
| Page Count: | 18 |
| Sponsoring Agency: | Catholic University of America<br>Washington, DC 20064 |
| Format: | Article |
| Language: | English |
| Country: | United States of America |
| Annotation: | THE SPEEDY TRIAL ACT OF 1974 MANDATES THAT, BY 1980, THE PERIOD OF DELAY IN ALL FEDERAL AND DISTRICT COURTS SHALL NOT EXCEED 100 DAYS, SUBJECT TO A VARIETY OF EXCLUDABLE PERIODS OF DELAY. |
| Abstract: | THE TIME LIMITS SET IN THE ACT WILL BE ENFORCED BY MANDATORY DISMISSAL OF CRIMINAL CHARGES, ON THE DEFENDANT'S MOTION, WHEN THE TIME LIMITS ARE EXCEEDED. THE ACT IMPOSES TIME LIMITS FOR THREE SEPARATE INTERVALS: (1) ANY INFORMATION OR INDICTMENT MUST BE FILED WITHIN 30 DAYS OF ARREST OR SERVICE OF SUMMONS IN CONNECTION WITH AN OFFENSE; (2) ARRAIGNMENT OF THE ACCUSED MUST BE HELD WITHIN 10 DAYS OF THE FILING DATE OF INFORMATION/INDICTMENT OR OF THE DATE THE ACCUSED IS ORDERED HELD TO ANSWER AND APPEARS BEFORE A JUDICIAL OFFICER IN THE COURT IN WHICH THE CHARGE IS PENDING, WHICHEVER OCCURS LATER; AND (3) WHERE A PLEA OF NOT GUILTY IS ENTERED, TRIAL MUST BEGIN WITHIN 60 DAYS FROM DATE OF ARRAIGNMENT. THE MANDATED TIME LIMITS ARE INTENDED TO DEFINE AND IMPLEMENT THE SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL AND TO ENHANCE THE DETERRENT VALUE OF PUNISHMENT BY MAKING THE ADMINISTRATION OF JUSTICE EFFICIENT AND SWIFT. FURTHER, REDUCTION IN DELAY WOULD ALSO REDUCE THE TIME AND OPPORTUNITY AVAILABLE TO PERSONS RELEASED PENDING TRIAL TO COMMIT OTHER OFFENSES. THE TIME LIMITS IMPOSED ARE SUBJECT TO NUMEROUS EXCLUDABLE DELAYS, AND THE ACT SPECIFICALLY STATES THAT EXCLUDABLE DELAYS LISTED ARE NOT EXHAUSTIVE. ALTHOUGH THE ACT REQUIRES DISMISSAL OF CHARGES AGAINST THE ACCUSED SHOULD THE TIME LIMITS BE EXCEEDED, THE ACT DOES NOT REQUIRE THAT DISMISSAL ACT AS A BAR TO FUTURE PROSECUTION. CASE LAW, PARTICULARLY THE U.S. SUPREME COURT ANALYSIS OF THE RIGHT TO SPEEDY TRIAL IN THE BARKER VERSUS WINGO CASE, AND STATUTORY PROVISIONS BEARING ON COURT DELAYS AND THE RIGHT TO SPEEDY TRIAL ARE REVIEWED. MAJOR DIFFERENCES BETWEEN THE ACT AND COURT INTERPRETATIONS INCLUDE THE SETTING OF SPECIFIC TIME LIMITS FOR UNIFORM APPLICATION, THE EXCLUSION OF COURT CONGESTION AS A GROUNDS FOR EXCLUDABLE DELAY, A MORE STRINGENT CONTINUANCE POLICY, AND THE REMOVAL OF THE DEFENDANT'S BURDEN OF PROVING PREJUDICIAL DELAY (AS WAS REQUIRED BY THE SUPREME COURT TEST IN BARKER). MOREOVER, STATUTORY TIME LIMITS ARE NOT DEPENDENT ON THE DEFENDANT'S DEMAND AND JUDICIAL DISCRETION IN DISMISSING THE CHARGES WITH OR WITHOUT PREJUDICE. EXTENSIVE NOTES ARE PROVIDED. (JAP) |
| Index Term(s): | Constitutional Rights/Civil Liberties; Continuance; Court delays; Federal courts; Judicial decisions; Judicial discretion; Law reform; Laws and Statutes; Pretrial procedures; Right to speedy trial; Standards; Waiver of rights |

To cite this abstract, use the following link:
http://www.ncjrs.gov/App/publications/abstract.aspx?ID=49334

*A link to the full-text document is provided whenever possible. For documents not available online, a link to the publisher's website is provided. Tell us how you use the NCJRS Library and Abstracts Database - send us your feedback .

# WIKIPEDIA

# Speedy Trial Act

The **Speedy Trial Act of 1974** (88 Stat. 2080, as amended August 2, 1979, 93 Stat. 328, 18 U.S.C. §§ 3161 (https://www.law.cornell.edu/uscode/text/18/3161)–3174 (https://www.law.cornell.edu/uscode/text/18/3174)[1]), establishes time limits for completing the various stages of a federal criminal prosecution.

## Contents

Procedural time limits
    Delays which are not included in the Act
Juvenile proceedings
Constitutional basis
References
External links

# Procedural time limits

The Act establishes time limits for completing the various stages of a federal criminal prosecution. The information or indictment must be filed within 30 days from the date of arrest or service of the summons.[2] Trial must commence within 70 days from the date the information or indictment was filed, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later.[3]

Moreover, in order to ensure that defendants are not rushed to trial without an adequate opportunity to prepare, Congress amended the Act in 1979 to provide a minimum time period during which trial may not commence.[4] Thus, the Act provides that trial may not begin less than 30 days from the date the defendant first appears in court, unless the defendant agrees in writing to an earlier date.[5] In *United States v. Rojas-Contreras*, 474 U.S. 231 (1985), the Supreme Court held that this 30-day trial preparation period is not restarted upon the filing of a substantially similar superseding indictment.

If the indictment is dismissed at the defendant's request, the Act's provisions apply anew upon reinstatement of the charge.[6] If the indictment is dismissed at the request of the government, the 70-day clock is tolled during the period when no indictment is outstanding, and begins to run again upon the filing of the second indictment.[7] If trial ends in a mistrial, or the court grants a motion for a new trial, the second trial must begin within 70 days "from the date the action occasioning the retrial becomes final."[8]

## Delays which are not included in the Act

Certain pretrial delays are automatically excluded from the Act's time limits, such as delays caused by pretrial motions.[9] In *Henderson v. United States*, 476 U.S. 321, 330 (1986), the Supreme Court held that § 3161 (https://www.law.cornell.edu/uscode/text/18/3161) excludes "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" The Act also excludes a reasonable period (up to 30 days) during which a motion is actually "under advisement" by the court.[10] Other delays excluded from the Act's time limits include delays caused by the unavailability of the defendant or an essential witness (18 U.S.C. § 3161(h)(3) (https://www.law.cornell.edu/uscode/text/18/3161#h_3)); delays attributable to a co-defendant (18 U.S.C. § 3161(h)(7) (https://w

ww.law.cornell.edu/uscode/text/18/3161#h_7)); and delays attributable to the defendant's involvement in other proceedings, including delay resulting from an interlocutory appeal.[11] (Note, however, that the 30-day defense preparation period provided for in 3161(c)(2) (https://www.law.cornell.edu/uscode/text/18/3161#c_2) is calculated without reference to Section 3161(h) (https://www.law.cornell.edu/uscode/text/18/3161#h) exclusions).

A defendant may not expressly waive his rights under the Speedy Trial Act.[12] However, if the trial judge determines that the "ends of justice" served by a continuance outweigh the interest of the public and the defendant in a speedy trial, the delay occasioned by such continuance is excluded from the Act's time limits.[13] The judge must set forth, orally or in writing, his or her reasons for granting the continuance.[14]

The Act provides a sanction of dismissal for violation of its time limits that may be with or without prejudice to reprosecution. In assessing whether dismissal should be with prejudice, the court must consider the seriousness of the offense, the circumstances leading to dismissal, and the impact that reprosecution would have on the administration of the Act and on the administration of justice.[15] In *United States v. Taylor*, 487 U.S. 326 (1988), the Supreme Court held that a trial court must examine each statutory factor in deciding to dismiss charges with prejudice. The Court in Taylor found that a minor violation of the time limitations of the act that did not prejudice the defendant's trial preparation did not justify the dismissal with prejudice of an indictment charging serious drug offenses.

While a defendant cannot unilaterally waive his rights under the Speedy Trial Act, he can forfeit his right to obtain a dismissal of the case for a claimed violation of the Act by failing to move for dismissal prior to trial. The statute provides that "[f]ailure of the defendant to move for dismissal prior to trial...shall constitute a waiver of the right to dismissal under this section."[16]

# Juvenile proceedings

The Speedy Trial Act is inapplicable to juvenile delinquency proceedings, which have their own speedy trial provision.[17] Furthermore, the Interstate Agreement on Detainers (IAD) provides its own time limits for persons incarcerated in other jurisdictions.[18] In such a case, the government must comply with both the time limits of the IAD and the Speedy Trial Act.

# Constitutional basis

A defendant's right to a speedy trial has constitutional and statutory underpinnings in addition to the Speedy Trial Act.[19] Federal statutes of limitations provide a time frame within which charges must be filed. Moreover, Rule 48 (https://www.l aw.cornell.edu/rules/frcrmp/rule_48) of the Federal Rules of Criminal Procedure, grants trial courts discretion to dismiss cases that are not brought to trial promptly.[20]

Even if a charge is brought within the period provided by the statute of limitations, a defendant may be able to show that preaccusation delay has violated his or her Fifth Amendment due process rights. To obtain a dismissal of the charges by reason of pre-indictment delay, a defendant has the burden of establishing that the government engaged in intentional delay to gain a tactical advantage, and that he suffered actual prejudice.[21]

A defendant's rights under the Speedy Trial Clause of the Sixth Amendment are triggered by "either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge."[22] (As noted above, any delay before this time must be scrutinized under the Due Process Clause of the Fifth Amendment, not the Sixth Amendment's Speedy Trial Clause.[23] In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court set out a four-factor test for determining whether delay between the initiation of criminal proceedings and the beginning of trial violates a

Case 1:19-mc-00012-LDH Document 1 Filed 01/02/19 Page 8 of 22 PageID #: 8

defendant's Sixth Amendment right to a speedy trial. The test requires the court to consider the length of the delay, the cause of the delay, the defendant's assertion of his or her right to a speedy trial, and the presence or absence of prejudice resulting from the delay.[24]

In *United States v. Loud Hawk*, 474 U.S. 302 (1986), where the reason for the 90-month delay (interlocutory appeals) did not weigh against the government, the Supreme Court held that the possibility of prejudice occasioned by the delay was not sufficient to establish a Sixth Amendment speedy trial violation. Moreover, the courts of appeals routinely reject Sixth Amendment speedy trial challenges in the absence of a showing of prejudice.[25] However, in *Doggett v. United States*, 505 U.S. 647 (1992), the Supreme Court held that an "extraordinary" eight-and-one-half-year delay between the defendant's indictment and arrest, which resulted from the government's "egregious persistence in failing to prosecute [him]," violated his right to a speedy trial even in the absence of "affirmative proof of particularized prejudice."[26]

Where there are successive state and federal prosecutions, the general rule is that the federal constitutional speedy trial right does not arise until a federal accusation against the defendant is made. Thus, a prior state arrest based on the same facts as the subsequent federal charge does not implicate the federal constitutional guarantee.[27]

# References

1. Title 18, Chapter 208 of the United States Code (https://www.law.cornell.edu/uscode/text/18/part-II/chapter-208) from the Legal Information Institute
2. 18 U.S.C. § 3161(b) (https://www.law.cornell.edu/uscode/text/18/3161#b).
3. 18 U.S.C. § 3161(c)(1) (https://www.law.cornell.edu/uscode/text/18/3161#c_1).
4. Speedy Trial Act Amendments of 1979, Pub. L. No. 96-43, Section 3, 93 Stat. 327.
5. 18 U.S.C. § 3161(c)(2) (https://www.law.cornell.edu/uscode/text/18/3161#c_2).
6. 18 U.S.C. § 3161(d)(1) (https://www.law.cornell.edu/uscode/text/18/3161#d_1).
7. 18 U.S.C. § 3161(h)(6) (https://www.law.cornell.edu/uscode/text/18/3161#h_6).
8. 18 U.S.C. § 3161(e) (https://www.law.cornell.edu/uscode/text/18/3161#e).
9. 18 U.S.C. § 3161(h)(1)(F) (https://www.law.cornell.edu/uscode/text/18/3161#h_1_F).
10. 18 U.S.C. § 3161(h)(1)(J) (https://www.law.cornell.edu/uscode/text/18/3161#h_1_J).
11. 18 U.S.C. § 3161(h)(1)(E) (https://www.law.cornell.edu/uscode/text/18/3161#h_1_E).
12. See, e.g., *United States v. Saltzman*, 984 F.2d 1087, 1090-1092 (10th Cir. 1993).
13. 18 U.S.C. § 3161(h)(8)(A) (https://www.law.cornell.edu/uscode/text/18/3161#h_8_A).
14. 18 U.S.C. § 3161(h)(8)(A) (https://www.law.cornell.edu/uscode/text/18/3161#h_8_A).
15. 18 U.S.C. § 3161(a)(1) (https://www.law.cornell.edu/uscode/text/18/3161#a_1)–3161(a)(2) (https://www.law.cornell.edu/uscode/text/18/3161#a_2).
16. 18 U.S.C. § 3162(a)(2) (https://www.law.cornell.edu/uscode/text/18/3162#a_2).
17. See 18 U.S.C. § 5036 (https://www.law.cornell.edu/uscode/text/18/5036) (speedy trial provision of the Juvenile Delinquency Act)
18. See 18 U.S.C. Appendix 2, § 2 (https://www.law.cornell.edu/uscode/html/uscode18a/usc_sec_18a_01000002----000-.html), Articles III-VI.
19. Larson, Aaron (31 August 2016). "What are Speedy Trial Rights" (https://www.expertlaw.com/library/criminal-law/what-are-speedy-trial-rights). *ExpertLaw*. Retrieved 18 March 2018.
20. See Rule 48 (https://www.law.cornell.edu/rules/frcrmp/rule_48)(b), Fed. R. Crim. P. (authorizing trial court to dismiss indictment if there is "unnecessary delay" in presenting the charge to a grand jury, in filing an information, or in bringing a defendant to trial).
21. *United States v. Lovasco*, 431 U.S. 783 (1977); *United States v. Marion*, 404 U.S. 307, 324 (1971).
22. *United States v. Marion*, 404 U.S. 307, 320 (1971).

Due to the lapse in appropriations, Department of Justice websites will not be regularly updated. The Department's essential law enforcement and national security functions will continue. Please refer to the Department of Justice's contingency plan for more information.

# 650. LENGTH OF LIMITATIONS PERIOD

Current federal law contains a single statute prescribing a general period of limitations, as well as several statutes that provide longer periods for specific offenses.

Section 3282 of Title 18, United States Code, is the statute of general application. It states that, "(e)xcept as otherwise expressly provided by law," a prosecution for a non-capital offense shall be instituted within five years after the offense was committed.

Section 3281 of Title 18 deals with capital offenses and provides that an indictment for an offense "punishable by death" may be filed at any time. Despite the invalidity of some former federal statutory death penalty provisions, it is arguable that the unlimited time period remains applicable to those statutes that formerly carried that penalty. *See United States v. Helmich*, 521 F. Supp. 1246 (M.D.Fla. 1981), *aff'd on other grounds*, 704 F.2d 547 (11th Cir. 1983); *see Matter of Extradition of Kraiselburd*, 786 F.2d 1395 (9th Cir. 1986).

Section 3286 of Title 18, United States Code, provides for an eight (8) year statute of limitations for the non-capital offenses under certain terrorism offenses. These offenses include: 18 U.S.C. §§ 32 (aircraft destruction), 37 (airport violence), 112 (assaults upon diplomats and internationally protected persons), 351 (violent crimes against Congresspersons or Cabinet officers), 1116 (murder of diplomats and internationally protected persons), 1203 (hostage taking), 1361 (willful injury to government property), 1751 (violent crimes against the President), 2280 (maritime violence), 2281 (maritime platform violence), 2332 (terrorist acts abroad against United States nationals), 2332a (use of weapons of mass destruction), 2332b (acts of terrorism transcending national boundaries), or 2340A (torture) or 49 U.S.C. §§ 46502 (aircraft piracy), 46504 (interference with flight crew), 46505 (carrying a weapon or explosive on an aircraft), or 46506 (certain crimes committed aboard an aircraft). Section 3286 first became effective on September 13, 1994, and was applicable to any relevant offense committed on or after September 15, 1989. In 1996, the new 18 U.S.C. § 2332b was added to the statute.

Section 3293 of Title 18, United States Code, provides for a ten (10) year statute of limitations for certain financial institution offenses which involve violations of, or conspiracy to violate, (1) 18 U.S.C. §§ 215, 656, 657, 1005, 1006, 1007, 1014, 1033, or 1344; (2) 18 U.S.C. §§ 1342 or 1343 if the offense affects a financial institution; or (3) 18 U.S.C. § 1963 to the extent that the racketeering activity involves a violation of 18 U.S.C. § 1344.

Section 3294 of Title 18, United States Code, provides a twenty (20) year statute of limitations for a violation of 18 U.S.C. § 668 involving the theft of major art work.

Section 3295 of Title 18, United States Code, which was enacted on April 24, 1996, provides for a 10 year statute of limitations for certain non-capital arson or use-of-explosives offenses under 18 U.S.C. §§ 81 or 844(f), (h), or (i). (Section 844(i) had a seven year statute of limitations period for offenses committed on or after September 13, 1989, but before April 24, 1996.) *See* this Manual at 1445.

A one year statute of limitations is provided for criminal contempt under 18 U.S.C. § 402 (*see* 18 U.S.C. § 3285).

Section 507(a) of Title 17 provides that no criminal proceeding shall be maintained under Title 17 (relating to copyrights) unless commenced within three years after the cause of action arose.

Section 6531 of Title 26 provides that prosecutions for violation of the internal revenue laws shall be commenced within three years after commission of the offense, except for eight enumerated categories of offenses as to which a six-year

Case 1:19-mc-00012-LDH   Document 1   Filed 01/02/19   Page 10 of 22 PageID #: 10

limitations period is made applicable. *See* this Manual at 658.

Section 3291 of Title 18 provides that prosecutions for violations of nationality, citizenship, and passport laws, or a conspiracy to violate such laws, shall be commenced within ten years after the commission of the offense. Section 19 of the Internal Security Act of 1950, 64 Stat. 1005, provides a ten-year limitations period for prosecutions under the espionage statutes, 18 U.S.C. Secs. 792 to 794.

Section 2278 of Title 42 provides a similar ten-year period for prosecution of restricted data offenses under the atomic energy laws, 42 U.S.C. Secs. 2274 to 2276.

Section 783(e) of Title 50 provides that a prosecution for an offense under that section, part of the Subversive Activities Control Act, shall be instituted within ten years after the commission of the offense.

[cited in JM 9-18.000]

‹ 649. Statute of Limitations Defenses        up        651. Statute of Limitations for Continuing Offenses ›

## 20 years

18 U.S.C. 668 (major art theft)[136]

## 10 years

18 U.S.C. § 81 (arson in the special maritime or territorial jurisdiction of the United States not involving a risk of death or serious injury)*[137]
18 U.S.C. § 215 (receipt by financial institution officials of commissions or gifts for procuring loans)**[138]
18 U.S.C. § 656 (theft, embezzlement, or misapplication by bank officer or employee)**
18 U.S.C. § 657 (embezzlement by lending, credit and insurance institution officers or employees)**

18 U.S.C. § 844(f) (burning or bombing federal property not involving a risk of death or serious injury)*
18 U.S.C. § 844(h) (carrying explosives during the commission of a federal offense or using fire or explosives to commit a federal offense)*
18 U.S.C. § 844 (i) (burning or bombing property used in or used in activities affecting commerce not involving a risk of death or serious injury)*
18 U.S.C. § 1005 (fraud concerning bank entries, reports and transactions)**
18 U.S.C. § 1006 (fraud concerning federal credit institution entries, reports and transactions)**

18 U.S.C. § 1007 (fraud concerning Federal Deposit Insurance Corporation transactions)**
18 U.S.C. § 1014 (fraud concerning loan and credit applications generally; renewals and discounts; crop insurance)**
18 U.S.C. § 1033 (crimes by or affecting persons engaged in the business of insurance)**
18 U.S.C. § 1344 (bank fraud)**
18 U.S.C. § 1341 (mail fraud affecting a financial institution)**

18 U.S.C. § 1343 (wire fraud affecting a financial institution)**
18 U.S.C. § 1423 (misuse of evidence of citizenship or naturalization) (or conspiracy to commit)+[139]
18 U.S.C. § 1424 (personation or misuse of papers in naturalization proceedings) (or conspiracy to commit)+
18 U.S.C. § 1425 (procurement of citizenship or naturalization unlawfully) (or conspiracy to commit)+
18 U.S.C. § 1426 (reproduction of naturalization or citizenship papers) (or conspiracy to commit)+

18 U.S.C. § 1427 (sale of naturalization or citizenship papers) (or conspiracy to commit)+
18 U.S.C. § 1428 (surrender of canceled naturalization certificate) (or conspiracy to commit)+
18 U.S.C. § 1541 (passport or visa issuance without authority) (or conspiracy to commit)+
18 U.S.C. § 1542 (false statement in application and use of passport) (or conspiracy to commit)+
18 U.S.C. § 1543 (forgery or false use of passport) (or conspiracy to commit)+

18 U.S.C. § 1544 (misuse of passport) (or conspiracy to commit)+
18 U.S.C. § 1581 (peonage; obstruction of justice)++[140]
18 U.S.C. § 1583 (enticement into slavery)++
18 U.S.C. § 1584 (sale into involuntary servitude)++
18 U.S.C. § 1589 (forced labor)++

18 U.S.C. § 1590 (slave trafficking)++

---

[136] 18 U.S.C. § 3294.

[137] * Pursuant to 18 U.S.C. §§ 3295, 3286(b).

[138] ** Pursuant to 18 U.S.C. § 3293.

[139] + Pursuant to 18 U.S.C. § 3291.

[140] ++ Pursuant to 18 U.S.C. § 3298.

# SPEEDY TRIAL AND THE STATUTE OF LIMITATIONS

By Jonathan Grossman 2014

## I.   CONSTITUTIONAL SPEEDY TRIAL

The federal right to a speedy trial is found in the speedy trial clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. The Sixth Amendment right to a speedy trial starts with a formal indictment, arrest, or holding to answer on a criminal charge. (*United States v. Marion* (1971) 404 U.S. 307, 320.) "[I]t is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." (*Ibid.*) The California Supreme Court has interpreted this to mean that the Sixth Amendment right starts with the holding order or the indictment, not the filing of the felony complaint. (*People v. Martinez* (2000) 22 Cal.4th 750, 754, 761-763.) Delay before being held to answer or the filing of the indictment is measured by the due process clause under the Fourteenth Amendment. (*Id.* at p. 765.)

However, "[u]nder the state Constitution, the filing of a felony complaint is sufficient to trigger the protection of the speedy trial right." (*Martinez, supra,* 22 Cal.4th at p. 754; see Cal. Const., art. I, § 15.) The due process clause (Cal. Const., art. I, §§ 7, 15) applies for delays before the filing of the complaint, but the test is the same as California's speedy trial claim. "[R]egardless of whether defendant's claim is based on a due process analysis or a right to a speedy trial not defined by statute, the test is the same, i.e., any prejudice to the defendant resulting from the delay must be weighed against justification for the delay." (*Scherling v. Superior Court* (1978) 22 Cal.3d 493, 505.)

"[T]here are two important differences in the operation of the state and federal constitutional rights as construed by our courts. [¶] The first difference concerns the point at which the speedy trial right attaches. Under the state Constitution, the filing of a felony complaint is sufficient to trigger the protection of the speedy trial right. [Citations.] Under the federal Constitution, however, . . . federal speedy trial right begins to operate: '[at] either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . .' [Citation.] [¶] The second difference is in the showing that a defendant must make to obtain a dismissal for violation of the speedy trial right. For the federal Constitution's speedy trial right, the United States Supreme Court has articulated a balancing test . . . [and] delay that is 'uncommonly long' triggers a presumption of prejudice. Under the state Constitution's speedy trial right, however, no presumption of prejudice arises from delay after the filing of a complaint and before arrest or formal accusation by

indictment or information [citation]; rather, in this situation a defendant seeking dismissal must affirmatively demonstrate prejudice [citation]." (*Martinez, supra,* 22 Cal.4th at pp. 754-755.)

The court can wait until trial before ruling on a speedy trial motion (*Martinez, supra,* 22 Cal.4th at pp. 769-770), but it may rule before trial (*People v. Boysen* (2008) 165 Cal.App.4th 761, 781-782).

## A.  Fourteenth Amendment Right to Due Process

The due process clause "has a limited role to play in protecting against oppressive delay." (*United States v. Lovasco* (1977) 431 U.S. 783,  789.)  At the threshold, the defendant must show actual prejudice. (*United States v. Marion* (1971) 404 U.S. 307, 324-325.)

"The defendant has a heavy burden to prove that a pre-indictment delay caused actual prejudice: the proof must be definite and not speculative, and the defendant must demonstrate how the loss of a witness and/or evidence is prejudicial to his case." If this is shown, then the prejudice is balanced with the government's justification. (*United States v. Moran* (9th Cir. 1985) 759 F.2d 777, 782; accord, *United States v. Gregory* (9th Cir. 2003) 332 F.3d 1157, 1165.)

There is disagreement among the circuits over what governmental action qualifies as undue delay.  Some require near purposeful oppression; the Fourth, Seventh, and Ninth do not. (See *United States v. Gross* (E.D. N.Y. 2001) 165 F.Supp.2d 372, 379-380.)  In the Ninth Circuit, "we do not find that intent or reckless behavior by the government is an essential ingredient in the mix. If mere negligent conduct by the prosecutors is asserted, then obviously the delay and/or prejudice suffered by the defendant will have to be greater than that in cases where recklessness or intentional governmental conduct is alleged. [¶] After making the balancing determination, a pre-indictment delay will be permissible unless it violates fundamental conceptions of justice which lie at the base of our civil and political institutions." (*United States v. Moran* (9th Cir. 1985) 759 F.2d 777, 782.)

## B.  Sixth Amendment Right to a Speedy Trial

The United States Supreme Court specified four factors to be considered in determining whether a criminal defendant's constitutional right to a speedy trial has been violated: "[1] Length of delay, [2] the reason for the delay, [3] the defendant's assertion of his right, and [4] prejudice to the defendant." (*Barker v. Wingo* (1972) 407 U.S. 514, 530.)

The United States Supreme Court has extended this analysis to undue delay in civil cases which amount to a violation of due process. (*United States v. Eight Thousand Eight Hundred and Fifty Dollars in United States Currency* (1983) 461 U.S. 555, 564.) The California Supreme Court has acknowledged that a due process test can be applied to civil commitment proceedings. (See *People v. Allen* (2007) 42 Cal.4th 91, 105.) The Barker test has been applied to delays in involuntary commitment proceedings in California as part of a due process analysis. (See, e.g., *People v. Litmon* (2008) 162 Cal.App.4th 383, 395-399 [SVP]; *People v. Tatum* (2008)  161 Cal.App.4th 41, 57-66 [MDO proceeding]; *People v. Mitchell* (2005) 127 Cal.App.4th 936, 943-944 [NGI extension proceeding]; see also *People v. Allen* (2007) 42 Cal.4th 91, 105 [acknowledging the test has been applied to commitment proceedings].)

### 1. Length of delay

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." (*Barker, supra,* 407 U.S. at p. 530 [five year delay sufficient].) "The first of these is actually a double enquiry. Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay [citation] since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness. If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. [Citation.] This latter enquiry is significant to the speedy trial analysis because . . . the presumption that pretrial delay has prejudiced the accused intensifies over time." (*Doggett v. United States* (1992) 505 U.S. 647, 651-652.)  A delay of one year can create a presumption of prejudice. (*Id.* at pp. 655-656; *People v. Williams* (2013) 58 Cal.4th 197, 234-235 [seven year delay in bringing a capital case was presumptively prejudicial].)

"Under the federal Constitution, the defendant need not identify any specific prejudice from an unreasonable delay in bringing the defendant to trial after the speedy trial right has attached. (*Moore v. Arizona,* [(1973)] 414 U.S. 25, 26.) Instead, delay that is 'uncommonly long' triggers a presumption of prejudice, with the presumption intensifying as the length of the delay increases. (*Doggett v. United States, supra,* 505 U.S. 647, 651-652, 656-657.)" (*Martinez, supra,* 22 Cal.4th at p. 765; see *Leaututufu v. Superior Court* (2011) 202 Cal.App.4th Supp. 1, 8 ["it is important to distinguish between (i) the prejudice required to initiate a *Barker* analysis (presumed prejudice is sufficient), and (ii) the prejudice that the court considers when engaging in the *Barker* four factor analysis (prejudice is required, but extreme delay in light of the charge can create a conclusive presumption of such

3

prejudice)"].)

### 2.     The reason for delay

The reason for the delay is the "flag all litigants seek to capture." (*United States v. Loud Hawk* (1986) 474 U.S. 302, 304.) "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government.  A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay." (*Barker, supra,* 407 U.S. at p. 531.) When the prosecution was diligent, the defense must show actual prejudice. (*United States v. Corona-Verbarna* (9th Cir. 2007) 509 F.3d 1105, 1116.)

A delay caused by the defendant would usually be fatal to a speedy trial claim. (See, e.g., *People v. Williams* (2013) 58 Cal.4th 197, 235.) A delay caused by the defense attorney is attributed to the defendant, not the state. (*Vermont v. Brillon* (2009) 556 U.S. 81, 90-94; see *United States v. Drake* (9th Cir. 2008) 543 F.3d 1080, 1085 [delay for the defendant to litigate motions is the defendant's fault]; *Stuard v. Stewart* (9th Cir. 2005) 401 F.3d 1064, 1068 [postponements for defense counsel to prepare for trial].) Delay caused by the judicial process is not weighed against the prosecution. (*People v. McDowell* (2012) 54 Cal.4th 395, 413-416 [15 year delay in penalty phase retrial]; *People v. Superior Court (Humberto S.)* (2008) 43 Cal.4th 737, 748 ["Prosecutors need not fear that the good faith availment of [appellate] review shall lead to [a penalty]."].)  See part I.E.

### 3.     The defendant's assertion of the right

The Supreme Court has rejected a requirement that the defendant "demand" a speedy trial; so long as there is not an express waiver, the defendant does not lose the right to a speedy trial. (*Barker, supra,* 407 U.S. at pp. 525-528.) "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandably rejected the offer. Anything less is not waiver." (*Id.* at p. 526, internal quotation marks omitted.)  Thus, the failure to assert a speedy trial right in the trial court is not necessarily fatal. (*People v. Williams* (2013) 58 Cal.4th 197, 237-239.) On the other hand, the defendant waiving time can diminish a speedy trial claim. (See, e.g., *People v. McDermott* (2002) 28 Cal.4th 946, 987.)

A speedy trial motion cannot be denied merely because the defendant did not bring himself to court.  The responsibility is on the prosecution and the court. (*Barker, supra,* 407

U.S. at p. 527; *Stabio v. Superior Court* (1994) 21 Cal.App.4th 1488, 1498 [defendant was unaware of pending charges].)   But there is no speedy trial violation when defendant is willfully a fugitive. (*People v. Hsu* (2008) 168 Cal.App.4th 397, 403-408 [defendant failed to appear for sentencing];   *People v. Perez* (1991) 229 Cal.App.3d 302, 309; *In re Gere* (1923) 64 Cal.App. 418, 422 [fugitive status and deceit causing delay was good cause for delay under the statutory speedy trial act]; see *United States v. Sperow* (9th Cir. 2007) 494 F.3d 1223, 1225-1226; *United States v. Corona-Verbarna* (9th Cir. 2007) 509 F.3d 1105, 1115-1116 [waiting for Mexico to find defendant was sufficient diligence].)

### 4.     Prejudice to the defendant

In the final step, the court must weigh the reasons for and the extent of the delay against evidence of actual prejudice. (*Doggett, supra*, 505 U.S. at p. 656.)   A speedy trial motion cannot be denied merely because of a lack of actual prejudice.   The court must still balance the other three factors. (*Moore v. Arizona* (1973) 414 U.S. 24, 26.)   See part I.D.

### C.     State Constitutional Right to a Speedy Trial

The court must engage in a three-step analysis.   First, the defendant must establish prejudice.   Second, if prejudice is shown, even if slight, the burden shifts to the prosecution to justify the delay.   Third, if a justification is presented, the court must weigh the prejudice against the justification for delay. (*People v. Lowe* (2007) 40 Cal.4th 937, 942; *Serna v. Superior Court* (1985) 40 Cal.3d 239, 249; *Scherling v. Superior Court* (1978) 22 Cal.3d 493, 505-506.)

Not making a motion on state speedy trial grounds can forfeit the claim of the state right to a speedy trial. (*People v. Seaton* (2001) 26 Cal.4th 598, 633; *People v. Wright* (1990) 52 Cal.3d 367, 389, disapproved on other grounds in *People v. Williams* (2010) 49 Cal.4th 405, 459.)

### 1.     Prejudice to the defendant

First the defendant must show actual prejudice. (*Martinez, supra*, 22 Cal.4th at p. 755; *Scherling, supra*, 22 Cal.3d at pp. 505-506.)   "[W]e hold that a defendant claiming a speedy trial violation under the California Constitution must show that the delay has impaired the ability to defend against the charged crime because, for instance, a witness has become unavailable, evidence has disappeared, or the memory of a potential witness has faded." (*People v. Lowe* (2007) 40 Cal.4th 937, 946 [not enough that the defendant lost the possibility of serving concurrent sentence or was in custody].)   "If defendant fails to show prejudice, the court need not inquire into the justification for the delay since there is nothing

to 'weigh' such justification against." (*People v. Dunn-Gonzalez* (1996) 47 Cal.App.4th 899, 910.) However, if the prosecution deliberately waited until another sentence is finished, this bad faith might be sufficient prejudice. (See *Lowe, supra*, 40 Cal.4th at p. 946.) See part I.D.

At least for misdemeanors, one can presume prejudice if the delay is longer than the period of the statute of limitations. (*Serna v. Superior Court* (1985) 40 Cal.3d 239, 253-254 [one year for misdemeanors and wobblers].) But otherwise, there is no presumption of prejudice. (*Martinez, supra*, 22 Cal.4th at pp. 755, 767.)

## 2.      The prosecution's justification for delay

A minimal showing of prejudice shifts the burden to the prosecution to justify the delay, and the case may be dismissed in the absence of a legitimate justification. (*People v. Belton* (1992) 6 Cal.App.4th 1425, 1433; *People v. Hartman* (1985) 170 Cal.App.3d 572, 579; *Garcia v. Municipal Court* (1984) 163 Cal.App.3d 148; *Fowler v. Superior Court* (1984) 162 Cal.App.3d 215; *Penney v. Superior Court* (1972) 28 Cal.App.3d 941, 951-952.) "Even a minimal showing of prejudice may require dismissal if the proffered justification for delay is unsubstantial. By the same token, the more reasonable the delay, the more prejudice the defense would have to show to require dismissal." (*Ibarra v. Superior Court* (1984) 162 Cal.App.3d 853, 858.) See part I.E.

## 3.      Weighing the prejudice against the justification for delay

In balancing the interests, the court shall consider: (1) the time involved, (2) who caused the delay, (3) whether delay was purposeful, (4) prejudice to defendant, and (5) any waiver of time by the defendant. (*People v. Dean-Gonzalez* (1996) 47 Cal.App.4th 899, 910-911.)

## D.      Prejudice

"Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown." (*Barker, supra*, 407 U.S. at

p. 532; accord *Doggett, supra,* 505 U.S. at p. 655.)

Fading memory or lost witnesses can be actual prejudice. (*People v. Morris* (1988) 46 Cal.3d 1, 37; *People v. Hill* (1984) 37 Cal.3d 491, 498.) But this showing cannot be based on speculation. It must be shown that certain evidence could have been introduced had there been no delay. (*People v. Williams* (2013) 58 Cal.4th 197, 235-237; *People v. Abel* (2012) 53 Cal.4th 891, 909-910 [not enough memories faded, must also show witness would have remembered more earlier]; *People v. Conrad* (2006) 145 Cal.App.4th 1175, 1184 [must show what the lost testimony would have been]; see *United States v. Corona-Verbarna* (9th Cir. 2007) 509 F.3d 1105, 1113 [prejudice from lost testimony cannot be speculative].)

Lost evidence can be sufficient to show evidence. (But see *People v. Alexander* (2010) 49 Cal.4th 846, 875-876 [no prejudice from the lost evidence when could not show there would have been helpful information or that the evidence actually existed].)

Disruption in one's life, break in employment, draining of resources, curtailment in association, public scorn, anxiety for the defendant and family and friends can be prejudice in the final analysis. (*United States v. Marion* (1971) 404 U.S. 307; *United States v. Ewell* (1966) 383 U.S. 116, 120; *Klopfer v. North Carolina* (1967) 386 U.S. 213.) The "time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs.[fn.] The time spent in jail is simply dead time. . . . Imposing these consequences on anyone who has not yet been convicted is serious." (*Barker, supra,* 407 U.S. at p. 533.) "Time is an irretrievable commodity. Broken bones may knit, mistakes may be rectified, burned houses may be rebuilt, damaged cars repaired, but time once past can never be recovered. Eight or nine months is a substantial delay." (*People v. Simpson* (1973) 30 Cal.App.3d 177, 183 [eight or nine unnecessary months in a mental institution must be characterized as oppressive when the defendant was not transported after being found competent].) But "delay alone, even delay that is 'uncommonly long,' is not enough to demonstrate prejudice." (*People v. Martinez* (2000) 22 Cal.4th 750, 755.)

Loss of a possible concurrent sentence can be prejudice in the final analysis. (See *Strunk v. United States* (1973) 412 U.S. 434; *Smith v. Hooey* (1969) 393 U.S. 374, 377-378; but see *United States v. Gregory* (9th Cir. 2003) 322 F.3d 1157, 1164 [speculative whether would have received concurrent time].) However, this is insufficient for the initial showing of prejudice. (*People v. Lowe* (2007) 40 Cal.4th 937, 945-946 .)

### E.   Justification for Delay

The state supreme court has asserted that the federal due process standard for what constitutes sufficient justification for delay is unclear. (*People v. Cowan* (2010) 50 Cal.4th 401, 430-431; *People v. Nelson* (2008) 43 Cal.4th 1242, 1251-1254.) In any event, "the law under the California Constitution is at least as favorable for the defendant in this regard" as federal law. (*Nelson*, at p. 1251.)

"[D]ifferent weights [are to be] assigned to different reasons" for delay. (*Barker, supra*, 407 U.S. at p. 531.) "Between diligent prosecution and bad-faith delay, official negligence in bringing an accused to trial occupies the middle ground. While not compelling relief in every case where bad-faith delay would make relief virtually automatic, neither is negligence automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him." (*Doggett, supra*, 505 U.S. at pp. 656-657.)

A legitimate justification for delay is one that has a "reasonable 'police purpose' " necessitating delay. (*Penney v. Superior Court* (1972) 28 Cal.App.3d 941, 953.) A delay to conduct appropriate investigation is legitimate. (*United States v. Lovasco* (1977) 431 U.S. 783, 792-796 [effort to obtain more evidence]; *Barker*, 407 U.S. at pp. 531, 533-534 [illness of the investigating officer justified seven months of a five year delay]; *People v. Abel* (2012) 53 Cal.4th 891, 910-911 [slow investigation is not negligence]; *People v. Nelson* (2008) 43 Cal.4th 1242, 1256 [delay of 25 years until DNA cold hit is legitimate]; *People v. New* (2008) 183 Cal.App.4th 442, 462, 465 [delay of 30 years until defendant killed his second wife was legitimate]; *People v. Harman* (1985) 170 Cal.App.3d 572, 581.)

Delay because defendant is in custody in another state is a legitimate justification for delay. (*People v. DePriest* (2007) 42 Cal.4th 1, 28-29; *People v. Horning* (2004) 34 Cal.4th 871, 893-895.) The defendant willfully failing to appear is often a sufficient justification. (See *Ogle v. Superior Court* (1992) 4 Cal.App.4th 1007.)

On the other hand, negligence in moving the case along is not a legitimate justification for delay. (*Scherling v. Superior Court* (1978) 22 Cal.3d 493, 507; *People v. Hill* (1984) 37 Cal.3d 491, 497; *Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 781; *People v. Enriquez* (1977) 19 Cal.3d 221, 236-237 [failure to serve bench warrant]; *People v. Litmon* (2008) 162 Cal.App.4th 383, 405 [prosecution failed to serve subpoena on witness]; *Jackson v. Superior Court* (1991) 230 Cal.App.3d 1391, 1394 [sheriff did not transport defendant]; see *United States v. Mendoza* (9th Cir. 2008) 530 F.3d 758, 763-764 [failure to initiate extradition]; but see *People v. Contreras* (2009) 177 Cal.App.4th 1296, 1303 [delay in sentencing was justified when it was caused by difficulty in locating defendant in prison].)

8

### F.    Appellate Review

A violation of the constitutional right to a jury trial cannot be challenged on appeal after a plea. (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1357-1358.)

In a due process claim, " 'First, the defendant must show that he has been prejudiced by the delay.  Second, the burden then shifts to the prosecution to justify the delay.  Third, the court balances the harm against the justification.' [Citations.] [¶] The first factor, prejudice, is a question of fact to be determined by the trial court. [Citations.] With respect to the second factor, 'the appraisal of the reasonableness of the delay is ordinarily confided to the trial court's discretion.' [Citations.] The third step involves the application of law to facts. . . . [T]his ultimate conclusion partakes of an issue of law on which this court exercises its independent judgment. [Citation.]" (*People v. Abraham* (1986) 185 Cal.App.3d 1221, 1226-1227.)

## II.    STATUTORY SPEEDY TRIAL

"The statutory speedy trial provisions, Penal Code sections 1381 to 1389.8, are 'supplementary to and a construction of' the state constitutional speedy trial guarantee." (*People v. Martinez* (2000) 22 Cal.4th 750, 766.)  There is no need to show prejudice in the trial court or in a pretrial writ petition if the statutory right is violated. (*Ibid.*; *Townsend v. Superior Court* (1975) 15 Cal.3d 774, 780-782.)  However, prejudice must be shown on appeal. (*People v. Wilson* (1963) 60 Cal.2d 139, 150.)  Prejudice may exist if there has been a previous dismissal or an unfair trial. (See *People v. Johnson* (1980) 26 Cal.3d 557, 574.)

The defendant must object to setting a trial later than the statutory limit and move to dismiss in order to argue the matter on appeal. (*People v. Williams* (1999) 77 Cal.App.4th 436, 459-460; see also *In re Maurice E.* (2005) 132 Cal.App.4th 474, 481-482.)

All cases hold that a statutory speedy trial claim cannot be raised on appeal after a plea in a felony case (except perhaps under § 1389), at least so long as there has been no prior dismissals of the case, even if there is a certificate of probable cause. (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1357-1358; *People v. Hayton* (1979) 95 Cal.App.3d 413, 419; *People v. Lee* (1980) 100 Cal.App.3d 715, 717-718.)  The court in *Avila v. Municipal Court* (1983) 148 Cal.App.3d 807 stated denial of a statutory speedy trial motion in a misdemeanor case was appealable after a plea.  This was because the prosecution cannot refile after the dismissal of a misdemeanor case.  The court in *People v. Aguilar* (1998) 61 Cal.App.4th 619 and *People v. Egbert* (1997) 59 Cal.App.4th 503, 506 have ruled speedy trial motions in all misdemeanor cases are not appealable after a plea.

9

There is a split of authority whether a violation of the Interstate Agreement on Detainers (Pen. Code, § 1389) can be challenged on appeal after a plea with a certificate of probable cause. (Compare *People v. Cella* (1981) 114 Cal.App.3d 905, 915, fn. 5 and *People v. Reyes* (1979) 98 Cal.App.3d 524, 531-532 with *People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1357-1362.)

## A.     Penal Code Section 1382

### 1.     The 60 day rule basic speedy trial right

The information must be filed within 15 days of the date the defendant was held to answer. (Pen. Code, § 1382, subd. (a)(1); *People v. Dethloff* (1992) 9 Cal.App.4th 620, 625-626.) The trial must commence within 60 days of the filing of the information; the date of the arraignment is irrelevant. (Pen. Code, § 1382, subd. (a)(2); see *Sykes v. Superior Court* (1973) 9 Cal.3d 83, 92.) The trial must commence within 60 days of the grand jury finding of indictment. (Pen. Code, § 1382, subd. (a)(2).)

Penal Code section 1382 "provides that, in a felony case, the court shall dismiss the action when a defendant is not brought to trial within 60 days of his or her arraignment on an indictment or information, unless (1) the defendant enters a general waiver of the 60-day trial requirement, (2) the defendant requests or consents (expressly or impliedly) to the setting of a trial date beyond the 60-day period (in which case the defendant shall be brought to trial on the date set for trial or within 10 days thereafter), or (3) 'good cause' is shown." (*People v. Sutton* (2010) 48 Cal.4th 533, 545.)

If the defendant fails to appear causing a delay in the trial, a new 60 day period begins. (Pen. Code, § 1382, subd. (b).)

If the defendant is found to be incompetent, trial must be within 60 days after being found competent again. (Pen. Code, §§ 859b, 1382, subd. (a)(2).)

If the defendant wins reversal on appeal, retrial must be within 60 days of the remittitur, or within 90 days if a new preliminary examination is held. (Pen. Code, § 1382, subd. (a)(2).)

If there is a general time waiver, then the defendant must announce to the court he or she is no longer waiving time. The 60-day period starts when the defendant pulls the time waiver. If there is a specific time waiver (e.g., the defendant waives time until a certain date), then the trial must start within 60 days after the period of the specific time waiver though the ten day rule still applies. (Pen. Code, § 1382, subd. (a)(2)(A); *Medina v. Superior*

*Court* (2000) 79 Cal.App.4th 1280.)

If the defendant fails to object to the setting of the trial beyond the statutory time limit, it is deemed to be a general time waiver. (*Barsamyan v. Appellate Division* (2008) 44 Cal.4th 960, 970 [trial counsel was not unconditionally ready for trial because of commitments with other clients]; *Townsend v. Superior Court* (1975) 15 Cal.3d 774, 783; but see *People v. Superior Court (Alexander)* (1995) 31 Cal.App.4th 1119, 1133 [no time waiver when set beyond the statutory time limit without defendant or counsel present].)

There must be a good faith effort to start the trial and not a sham beginning. (*People v. Hijjaj* (2010) 50 Cal.4th 1184, 1193-1194 [because could not at 4:15 p.m. meaningfully start a trial in Indio, 76 miles away, the court room was not available]; *Perryman v. Superior Court* (2006) 141 Cal.App.4th 767, 776-777 [failure to pick a new jury after grant a *Wheeler-Batson* motion required dismissal]; *In re Chuong D.* (2006) 135 Cal.App.4th 1308, 1310 [trial did not start until the first witness was called, days after the court purported to start the trial]; *People v. Cory* (1984) 157 Cal.App.3d 1094 [trial did not start when the judge was doing another trial]; but see *Thomas v. Superior Court* (1984) 162 Cal.App.3d 728 [judge can do two trials at the same time for brief periods].)

### 2.    The 10 day rule

Once the trial is set to start within the 60 days, the trial need not commence for another ten days unless the defendant objects to the trial starting more than 60 days later (implied waiver of the 60 day rule). (Pen. Code, § 1382, subd. (a)(2)(B); *Bailon v. Appellate Division* (2002) 98 Cal.App.4th 1331, 1343-1346.) There is an implied waiver if the defendant is not unconditionally ready for trial. (*Barsamyan v. Appellate Div.* (2008) 44 Cal.4th 960, 975-980.) A 'special time waiver,' permitting the trial to start sometime after 60 days without a general time waiver, automatically permits the ten day rule. (§ 1382, subd. (a)(2)(B).)

There does not need to be good cause to delay starting the trial into the ten-day period. (*People v. Superior Court (Alexander)* (1995) 31 Cal.App.4th 1119, 1131.) The prosecution or the defense can waive the ten day rule to make it longer, shorter, or start anew. (*Mendez v. Superior Court* (2008) 162 Cal.App.4th 827, 835.) If the 60th day is on a holiday or weekend, the ten day period starts on the next court day. (*Bailon v. Superior Court* (2002) 98 Cal.App.4th 1331, 1340, fn. 4.)

The court can continue one defendant's trial until the ten day grace period in order to have a joint trial with the codefendant. (*Smith v. Superior Court* (2012) 54 Cal.4th 592, 601-607.)

11