

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

SSS:MGD
F. #1987R02560

March 7, 2019

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Keith Cormier v. United States Attorney's Office
     Docket No. 19-MC-12 (LDH)

Dear Judge DeArcy Hall:

  The government respectfully submits this letter in response to the petitioner Keith Cormier's pro se motion to dismiss with prejudice, expunge, or seal his criminal record – namely, his 1987 arrest and prosecution on bank fraud charges. For the reasons stated below, the government submits that the petitioner's motion should be denied.

  As an initial matter, although the petitioner styles his motion as a petition to dismiss, expunge, or seal his criminal record, it appears that his true purpose may be to express a concern that the Court did not administratively close the criminal case against him. On November 21, 2018, the petitioner filed a motion with the Clerk of the Court stating that he was "formally requesting that [this] . . . case be officially closed" because "the Attorney General Office . . . did not close out the case officially and thus the case has been listed as active on my FBI file and the AUSA office since 1987." See Ex. A at 5. However, it is unclear why the petitioner believes that there is an active case against him, as he pleaded guilty to the charges in 1992 and the Court's online docket indicates that the case is closed. See United States v. Cormier, No. 87-cr-628 (DGT) (stating case is closed).

  It is possible that the source of the petitioner's confusion is a partial docket sheet that the petitioner received from the Clerk's office, which docket sheet did not reflect the petitioner's conviction and sentence. In October 2018, the petitioner requested information from the Clerk's office regarding the criminal charges against him. On October 24, 2018, the Clerk's office provided him with a certificate of search indicating that the case had been closed. The certificate attached a screenshot of the online docket header, which also shows that the case is "closed." See Ex. A at 14. Subsequently, on November 19, 2018, the Clerk's office provided a second certificate of search, which attached what appears to be an incomplete hardcopy docket sheet. See Ex. A at 6-11. The docket sheet indicates that on October 18, 1988, the Court

directed the parties to agree upon a date for rearraignment. See Ex. A at 10. The docket does not reflect the additional court proceedings in the case, including the petitioner's plea of guilty and his sentence. See Ex. A. at 10. The hardcopy docket sheet was subsequently uploaded to the electronic docket. See Cormier, No. 87-cr-628 (DGT), Dkt. No. 2.

Although the docket sheet provided by the Clerk's office appears to be incomplete, the government has conducted a search of its records and has verified that the petitioner pleaded guilty to bank fraud on February 28, 1992, and was sentenced to three years of probation on April 3, 1992. A redacted copy of the Federal Bureau of Investigation's case disposition form for the petitioner's case, which reflects the conviction and sentence, is annexed as Exhibit B. It is unclear why the hardcopy docket provided to the petitioner by the Clerk's office did not include the disposition of the petitioner's case; nevertheless, no action is necessary on the Court's part with regard to the petitioner's motion to dismiss or close the case because the case has been fully adjudicated – as is reflected by the "closed" status on the electronic docket.

Second, to the extent that the petitioner's motion is construed as a motion to seal or expunge his conviction, the Court should deny the petitioner's motion for lack of jurisdiction. In Doe v. United States, 833 F.3d 192, 196-97, 199 (2d Cir. 2016), the Second Circuit held that, outside of certain limited exceptions in which Congress has specifically authorized district courts to expunge lawful criminal convictions, district courts have neither subject matter jurisdiction nor ancillary jurisdiction over a motion to expunge a criminal record. Because the petitioner cannot point to any such exception here, this Court does not have jurisdiction to hear his motion. See id.; see also United States v. King, No. 14-CR-00357 (PKC), 2017 WL 4326492, at *2 (E.D.N.Y. Sept. 28, 2017) (dismissing petitioner's request for expungement of a criminal conviction for lack of jurisdiction); Purcell v. BATF, No. 17-CV-2742 (PKC)(RLM), 2017 WL 3700894, at *4 (E.D.N.Y. Aug. 25, 2017) (same); United States v. Nelson, No. 07-CR-326 (RWS), 2016 WL 6441557, at *1 (S.D.N.Y. Oct. 31, 2016) (same).

Even prior to the Second Circuit's ruling in Doe, courts in this district routinely denied motions for expungement, following Second Circuit precedent that expungement is appropriate "only in 'extreme circumstances.'" See United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); Joefield v. United States, No. 13-MC-367 (JBW), 2013 WL 3972650, at *4 (E.D.N.Y. Aug. 5, 2013) (denying motion for expungement after finding no constitutional issue or "clear showing of actual—not merely speculative, anticipated or feared—serious economic harm"); United States v. James, No. 97-CR-715 (ILG), 2003 WL 21056989, at *2 (E.D.N.Y. Feb. 13, 2003) (denying motion for expungement after finding no constitutional issue and noting that "fac[ing] difficulties as a result of her criminal record" was an insufficient basis for granting petitioner's motion). Indeed, given "the public's compelling need to have an accurate criminal identification system," expungement is particularly inappropriate in cases in which a petitioner was convicted or pleaded guilty, as the petitioner did, rather than a case in which the charges resulted in a dismissal or acquittal. James, 2003 WL 21056989, at *1; United States v. Hasan, No. 98-CR-786 (ILG), 2002 WL 31946712, at *2 (E.D.N.Y. Dec. 4, 2002); see also Doe, 833 F.3d at 197 (limiting the "extreme circumstances" test set forth in Schnitzer to "the expungement of arrest records following dismissal of a criminal case").

2

Because the Court analyzes motions to expunge and motions to seal under the "same stringent standard," the Court similarly lacks jurisdiction to seal the petitioner's criminal records in this case. See Ali v. United States, No. 13-MC-0342, 2013 WL 4048498, at *1 n.1 (E.D.N.Y. Aug. 9, 2013) (citing Fernandez v. United States, Nos. 09-MC-326, 98-CR-902, 2009 WL 2227140, at *1 n.2 (E.D.N.Y. July 24, 2009). In fact, courts in this district routinely treat motions to seal and motions to expunge interchangeably, as there is "no practical difference" between the two. Palmer v. United States, No. 14-MC-1088 (NGG), 2016 WL 525473, at *1 n.1 (E.D.N.Y. Feb. 8, 2016); accord Ali, 2013 WL 4048948, at *1 n.1; Vargas v. United States, No. 17-MC-809 (MKB), 2017 WL 3381868, at *1 n.1 (E.D.N.Y. Aug. 4, 2017).

Even if this Court did have jurisdiction in this matter, the motion should be denied because the petitioner fails to provide an adequate basis for sealing or expungement, much less any "extreme circumstances," Schnitzer, 567 F.3d at 539. Rather, the petitioner bases his motion to seal or expunge on his purportedly reformed life since his conviction. See Cormier v. U.S. Attorney's Office, No. 19-MC-12, Dkt. No. 2. However, merely leading a law-abiding life after one's conviction – a basic expectation of every offender – is inadequate to justify the extreme remedy of expungement or sealing. See Libereros v. United States, No. 14-MC-266 (SJ), 2014 WL 2682836, at *1 (E.D.N.Y. June 13, 2014) (denying motion to expunge despite petitioner having "turning his life around").

For all of these reasons, the government respectfully submits that the petitioner's motion should be denied.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Miriam L. Glaser Dauermann
Miriam L. Glaser Dauermann[1]
Trial Attorney
United States Department of Justice
(718) 254-7575

cc: Keith Cormier (by regular mail)
400 Tatum Terrace
Box 2A
Stockbridge, GA 30281

---

[1] The government gratefully acknowledges the assistance of Kristen Proe, a second-year student at New York University Law School, in the preparation of this response.